UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
: 
JAI M.C., :
:
:
Plaintiff, :
: 23 Civ. 3349 (JPC) (GRJ)
-v- :
: ORDER ADOPTING
: REPORT AND
COMMISSIONER OF SOCIAL SECURITY, : RECOMMENDATION
:
Defendant. :
:
-----------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

*Pro se* Plaintiff Jai M.C.[1] ("M.C.") brings this action against Defendant Martin J. O'Malley, the Commissioner of Social Security (the "Commissioner"), seeking judicial review of the denial of his application for Supplemental Security Income ("SSI") pursuant to 42 U.S.C. § 405(g). The Commissioner filed a brief on January 2, 2024, which he styled as an opposition to Plaintiff's request for judicial review. Dkt. 33. On January 12, 2024, Plaintiff submitted a letter in response to the Commissioner's brief, which the Court construes as seeking judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Dkt. 35 (discussing Plaintiff's health ailments and struggles and "pray[ing] for . . . victory" in this case).

On April 8, 2024, the Honorable Gary R. Jones issued a Report and Recommendation, which recommended that this Court reverse the Commissioner's denial of Plaintiff's application for SSI and remand the case to the Social Security Administration ("SSA") for further proceedings. Dkt. 37 ("R&R"). On May 6, 2024, the Commissioner filed objections to the Report and

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Recommendation pursuant to Federal Rule of Civil Procedure 72(b)(2), disputing Judge Jones's findings that the Administrative Law Judge ("ALJ") failed to adequately develop the record. Dkt. 41 ("Objections"). Plaintiff also filed two letters lodging his objections to Judge Jones's remand recommendation on April 15 and May 17, 2024. Dkts. 38, 43.

For the following reasons, the Court overrules both parties' objections, adopts the Report and Recommendation with clarification of a possible reading of one portion as discussed below, and remands this action for further administrative proceedings.

## I. Background

The Court assumes familiarity with the factual background of this case and with Judge Jones's Report and Recommendation and only provides a brief summary here. Plaintiff filed for benefits on April 30, 2021, alleging a disability onset date of April 1, 2021. Dkt. 22 (together with Dkt. 28, "Admin. Record") at 11. Broadly speaking, Plaintiff alleged that he was disabled "because of left shoulder problems, ankle problems and spine problems." *Id.* at 127. His claim was initially denied on September 17, 2021, *id.* at 11, and then again on reconsideration on December 21, 2021, *id.* at 138. Plaintiff next requested a hearing on his claim before an ALJ; ALJ Lucian A. Vecchio duly held a hearing on April 28, 2022. *Id.* at 11. Plaintiff appeared *pro se* at the hearing and the ALJ received testimony from Plaintiff himself and from a vocational expert. *Id.* The ALJ also considered opinions from two non-examining state agency medical consultants which he found to be "somewhat consistent with the record" and therefore entitled to "some b[ut] not full consideration." *Id.* at 20. The ALJ also reviewed medical records from two of Plaintiff's treating physicians, each of whom appears to have examined Plaintiff at least twice. *Id.* at 17-19.

After the hearing, the ALJ determined in a decision dated May 19, 2022, that Plaintiff had not engaged in substantial gainful activity after his application date and had the following severe

2

impairments: "degenerative disc disease of the lumbar spine; internal derangement in the left shoulder; internal derangement in the right ankle, status-post right ankle surgery; degenerative changes in the right knee; and osteoarthritis in the right ankle." *Id.* at 13. However, the ALJ determined that Plaintiff's disability claim failed because he possessed "residual functional capacity to perform [limited] sedentary work" as defined by 20 C.F.R. § 416.967(a), *id.* at 15, and therefore was "capable of performing past relevant work as a reception clerk," *id.* at 21. Having found Plaintiff not disabled under Section 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. § 1382c(a)(3)(A), the ALJ denied his application for SSI benefits. Admin. Record at 22-23.

Plaintiff sought review of the ALJ's decision before the SSA's Appeals Council and submitted additional medical records in support of his application with the assistance of counsel for the Appeals Council's review. *Id.* at 1-2; *see also id.* at 609 (letter from Plaintiff's counsel). The Appeals Council denied his request for review by letter dated March 28, 2023, determining in relevant part that "this evidence does not show a reasonable probability that it would change the outcome of the decision." *Id.* at 2. Plaintiff then timely filed this action on April 20, 2023. Dkt. 1; *see* 42 U.S.C. § 405(g). These proceedings followed.

## II. Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a report and recommendation. 28 U.S.C. § 636(b)(1)(C). If, as here, a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. *See* Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "The district court may adopt those portions of the report and recommendation to which no specific written objection is made, so long as the factual and legal bases supporting the findings and

conclusions set forth in those sections are not clearly erroneous or contrary to law." *Diaz v. Comm'r of Soc. Sec. Admin.*, No. 22 Civ. 2256 (KMK) (VR), 2023 WL 6390172, at *1 (S.D.N.Y. Sept. 29, 2023) (internal quotation marks and alterations omitted).

In reviewing a Social Security benefits determination pursuant to 42 U.S.C. § 405(g), "the reviewing court considers merely 'whether the correct legal standards were applied and whether substantial evidence supports the decision.'" *Id.* at *2 (quoting *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004)). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sczepanski v. Saul*, 946 F.3d 152, 157 (2d Cir. 2020) (internal quotation marks omitted). "[T]he district court must 'defer to the Commissioner's resolution of conflicting evidence,' and reject the Commissioner's findings of fact only 'if a reasonable factfinder would have to conclude otherwise.'" *Boswell v. Comm'r of Soc. Sec.*, No. 21 Civ. 2364 (JPC) (GRJ), 2022 WL 3714669, at *2 (S.D.N.Y. Aug. 29, 2022) (first quoting *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012), then quoting *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (emphasis removed)).

"Under the relevant regulations, the SSA engages in a five-step sequential process to evaluate whether an individual is disabled." *Id.* (citing 20 C.F.R. § 404.1520(a)(4)(i)-(v)). As the Supreme Court has described:

> At the first step, the agency will find nondisability unless the claimant shows that he is not working at a substantial gainful activity. At step two, the SSA will find nondisability unless the claimant shows that he has a severe impairment, defined as any impairment or combination of impairments which significantly limits the claimant's physical or mental ability to do basic work activities. At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined

4

not to be disabled. If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called vocational factors (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy.

*Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (cleaned up).

### III. Plaintiff's Objections

"The objections of *pro se* parties are generally accorded leniency and should be construed to raise the strongest arguments that they suggest." *Little v. Comm'r of Soc. Sec.*, No. 20 Civ. 5431 (JPC), 2021 WL 5233563, at *1 (S.D.N.Y. Nov. 10, 2021) (internal quotation marks omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate[ judge's] proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Id.* (internal quotation marks omitted).

In the aftermath of the Report and Recommendation, Plaintiff submitted two letters in which he objects to Judge Jones's remand recommendation because he "feel[s] that the [SSA] will not do right by [him]" and rather asks for his case to "stay in [f]ederal [c]ourt." Dkt. 38 at 1-2.[2] While Plaintiff generally argues that he should be found disabled and references Judge Jones "rul[ing] against [Plaintiff]," Dkt. 43 at 1, the Court can discern no specific objections to any of Judge Jones's findings, which ultimately were in Plaintiff's favor. The most specific argument Plaintiff advances is that Judge Jones ostensibly did not grant Plaintiff the relief he seeks at this

---

[2] To the extent that Plaintiff requests that the Court reverse the Commissioner's decision without remand, that request is denied. "The record here does not provide persuasive evidence of total disability that would render any further proceedings pointless." *Estrella v. Berryhill*, 925 F.3d 90, 98 n.3 (2d Cir. 2019) (cleaned up). In light of this conclusion, the Commissioner's argument that this Court should not engage in a calculation of benefits is moot. *See* Objections at 10-11.

5

juncture "because [he] didn't want to go [to] the Social Security doctors," *id.*, but, as indicated below, Judge Jones never recommended that Plaintiff be seen by "Social Security doctors," *see infra* IV.B.  The Court therefore overrules Plaintiff's objections.

### IV. Commissioner's Objections

Broadly speaking, the Commissioner lodges two objections to the Report and Recommendation.  Neither is availing.

#### A. Treating Source

The Commissioner's first objection focuses on the SSA's jettisoning of its prior "treating-physician rule, which gave deference to the opinion of the treating physician." *Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, at *1 (2d Cir. June 17, 2022) (citing 20 C.F.R. § 404.1527).  Claims filed after March 27, 2017 are instead subject to guidelines under which the SSA "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c.  The Commissioner contends that Judge Jones erred in stating that "[i]t is well-settled that an ALJ must attempt to obtain medical opinions—not just medical records—from a claimant's treating physicians." R&R at 10.  The Commissioner posits that this statement did not sufficiently account for the regulatory change described above; as he stated, "[b]ecause the source of an opinion is no longer determinative in assessing the probative value of that opinion under the revised regulations, the absence of an opinion from a particular source, treating or not, cannot be deemed determinative in assessing the overall claim of disability." Objections at 4.

To the extent the above quoted sentence from the Report and Recommendation—or any other language in the Report and Recommendation for that matter—could be read as requiring the

6

consideration of and deference to the medical opinion from a particular source, namely, Plaintiff's treating physician, the Court declines to adopt that portion of the Report and Recommendation. But reading the Report and Recommendation in its entirety, the Court does not understand Judge Jones as mandating that the ALJ obtain an opinion from Plaintiff's treating physician on remand. Rather, Judge Jones "conclude[d] that the ALJ was required to undertake greater efforts to develop the record by asking the treating physicians for their assessment of Plaintiff's work-related limitations *and/or* obtaining a consultative examination."  R&R at 10 (emphasis added).  In reaching this conclusion, Judge Jones gave the option of an opinion from a treating physician or from a consultative examination, and did not mandate that any consultative examination come from a particular source.  In the end, Judge Jones's recommendation that this case be remanded to the agency arose from his concern over an underdeveloped record, not a preference for any particular source.[3]  Judge Jones's recommendation would still leave the ALJ with discretion to evaluate any new medical opinion for persuasiveness under 20 C.F.R. § 404.1520c; the Court does not interpret Judge Jones through his bottom-line recommendation as having predetermined that analysis on the basis of Plaintiff's treating relationship with his physicians.  The Court also fails to understand why a generic recommendation to obtain a consultative examination would show a preference for, let alone a requirement of deference to, any particular source.  While SSA regulations provide that a claimant's medical source will be "preferred" for consultative examinations assuming said "medical source is qualified, equipped, and willing to perform the additional examination or test(s) for the fee schedule payment," 20 C.F.R. § 404.1519h, an ALJ has relatively broad discretion to determine that another medical source would be more

---

[3] It also is worth mentioning that Judge Jones explicitly acknowledged the change in the SSA's regulations in the Report and Recommendation.  *See* R&R at 11-12.

appropriate, *see id.* § 404.1519i (providing a non-exhaustive list of reasons for which an ALJ may order that a consultative examination be performed by another medical source). *See id.* § 404.1519 (mandating that these subsections apply in selecting the source for a consultative examination ordered by the SSA). Judge Jones's bottom-line recommendation therefore did not run afoul of the regulatory changes to which the Commissioner cites.

**B.     Adequacy of the Record**

The Commissioner also more broadly challenges Judge Jones's determination that the record was insufficiently developed. Although the Commissioner argues that the gaps in Plaintiff's treatment records identified by the ALJ were filled through additional documentation submitted to the Appeals Council, Judge Jones did not appear to have relied on these record gaps in concluding that the ALJ insufficiently developed the record. *See* Objections at 7; R&R at 10 (listing factors warranting remand as "including the fact that the only two medical opinions of record (from non-examining physicians) were not fully persuasive to the ALJ, the treatment history, and Plaintiff's *pro se* status"). Indeed, the Commissioner tellingly did not cite to any particular portion of the Report and Recommendation in lodging this objection. *Cf. Tortorici v. Bus-Tev, LLC*, No. 17 Civ. 7507 (PAC) (KHP), 2021 WL 4177209, at *2 (S.D.N.Y. Sept. 14, 2021) ("To invoke *de novo* review, objections must be specific and clearly aimed at particular findings in the magistrate judge's proposal." (internal quotation marks omitted)).[4]

---

[4] On a related note, the Commissioner points to evidence that was brought before the Appeals Council. The ALJ should consider this evidence as part of the record on remand. *See Moscatello v. Saul*, No. 18 Civ. 1395 (BCM), 2019 WL 4673432, at *15 (S.D.N.Y. Sept. 25, 2019) ("Although the documents submitted to the Appeals Council after the ALJ's decision were not part of the record on which the ALJ based her Decision, they are now part of the record and should be considered on remand." (internal quotation marks omitted)).

The Commissioner also appears to fault the Report and Recommendation for not addressing Plaintiff's failure to attend consultative examinations ordered by the agency, *see* Objections at 7-8, but the record reflects that Plaintiff informed the physician's office that he had a conflict with a scheduled surgery and, in later months, issues with his "immune system," *see* Admin. Record at 865-866.  While SSA regulations provide that the agency can find a claimant to not be disabled "for failing or refusing to take part in a consultative examination" without "good reason," 20 C.F.R. § 416.918(a), the Court cannot discern any developed argument from the Commissioner that Plaintiff should be deemed not disabled on this basis; indeed, the regulation lists "[i]llness on the date of the scheduled examination" as an example of a "good reason," *id.* § 416.918(b)(1).  While the Court can appreciate the Commissioner's argument that Plaintiff's inability to make himself available for a consultative examination perhaps rendered the SSA's attempts to develop the record more difficult, the agency still retained an unflagging "duty to investigate and develop the facts." *Moran v. Astrue*, 569 F.3d 108, 113 (2d Cir. 2009) (internal quotation marks omitted).  As Judge Jones noted, this duty was "heightened" in light of Plaintiff's *pro se* status during the proceedings before the ALJ.  R&R at 8 (quoting *Moran*, 569 F.3d at 113). The Second Circuit has mandated that an ALJ adjudicating a *pro se* claim must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 509 (2d Cir. 2009) (internal quotation marks omitted).[5]

---

[5] On a similar note, the Commissioner argues that the ALJ adequately developed the record because an ALJ "has discretion in deciding how to resolve inconsistencies or insufficiencies in the record, including whether to order a consultative examination and the decision not to do so does not render a record incomplete."  Objections at 9; *see* 20 C.F.R. § 416.920b(b) (describing the procedures the agency can take if "the evidence in [a claimant's] case record is insufficient or inconsistent").  While the Commissioner's point regarding the ALJ's discretion is well taken, Judge Jones's recommendation did not stem merely from a lack of a consultative examination in the record.  Rather, as noted above, Judge Jones found that the record was not fully developed

Finally, the Commissioner's argument that, in essence, any error in developing the record was harmless because the ALJ's finding of non-disability was supported by substantial evidence falls flat. Objections at 9. "An ALJ's decision is not supported by substantial evidence when the ALJ failed to fully develop the record." *Moore v. Colvin*, No. 15 Civ. 6281 (EAW), 2016 WL 4766345, at *15 (W.D.N.Y. Sept. 13, 2016) (citing *Tejada v. Apfel*, 167 F.3d 770, 774-76 (2d Cir. 1999)). While the Commissioner's argument may have been availing had he persuaded the Court that Judge Jones erred in his legal determination that the ALJ failed to develop the record, he has failed to do so.

* * *

The Court therefore overrules the Commissioner's objections as well. The Court also has conducted *de novo* review of the remainder of the Report and Recommendation to which the parties did not object and finds it to be well-reasoned and its conclusions well-founded.

---

given "the fact that the only two medical opinions of record (from non-examining physicians) were not fully persuasive to the ALJ, [Plaintiff's] treatment history, and Plaintiff's *pro se* status." R&R at 10. Yet the Commissioner fails to rebut any of these rationales in the relevant portion of his objections; indeed, he only mentions Plaintiff's *pro se* status once in passing in his brief, *see* Objections at 1. Broadly gesturing to an ALJ's discretion does not suffice.

## V. Conclusion

For the foregoing reasons, the Court overrules the parties' objections and adopts Judge Jones's Report and Recommendation subject to the clarification discussed above. This case is remanded to the Social Security Administration for further proceedings consistent with this Order and, to the extent not discussed herein, Judge Jones's Report and Recommendation. The Clerk of Court is respectfully directed to close this case and to enter judgment.

SO ORDERED.

Dated: September 5, 2024
New York, New York

_____
JOHN P. CRONAN
United States District Judge